# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

**JUSTIN BARNES,**

    **PLAINTIFF,**

**VS.**                                                                **CV NO.:**

**3M COMPANY, INC.,**

    **DEFENDANT.**                                  **JURY TRIAL DEMANDED**

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII). The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against sex and race discrimination.

2. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1981. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1866," also known;" 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination.

## II. PARTIES

4. Plaintiff, Justin Barnes, (hereinafter "Plaintiff") is a resident of Fayette, Fayette County, Alabama, and performed work for the Defendant in the counties composing the Northern District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern District, Jasper Division.

5. Defendant 3M Company, Inc. (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e, *et seq*, and 42 U.S.C. § 1981. Defendant employed at least fifteen (15) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

### III. STATEMENT OF FACTS

6. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 5 above.

7. Plaintiff is a Caucasian male.

8. On April 20, 2020, Defendant hired Plaintiff.

9. Defendant employed Plaintiff as a PM M23 Operator, otherwise referred to as a production worker.

10. Plaintiff was qualified for his position of PM M23 Operator.

11. Defendant employs or employed Donna Pollard.

12. Defendant assigned Pollard as a supervisor over Plaintiff.

13. On September 16, 2021, Pollard observed Plaintiff using his cellphone in his work area.

14. Pollard asked Plaintiff if he knew that he was prohibited from using his cellphone in his work area.

15. Plaintiff informed Pollard that he knew that Defendant prohibited cellphone usage in work areas; however, his child was sick and that he had informed his son to message him with an update once he awoke.

16. Pollard informed Plaintiff he could not have his cellphone in the work area and asked why his cellphone was not in his locker.

17. Plaintiff informed Pollard that he did not have a locker.

18. Pollard informed Plaintiff that she would go get him a locker and be right back.

19. While Plaintiff waited for Pollard to return with a locker assignment, Plaintiff left the work area and placed his cellphone in his lunch box.

20. Pollard then called another supervisor, Chad Johnson.

21. Johnson approached Plaintiff at his workstation and yelled in his face, "where is your phone."

22. Plaintiff informed Johnson that the cell phone was powered off and located in his lunch box and placed in the tape room.

23. Johnson then yelled, "You know your phone is supposed to be in your locker, are you fucking stupid."

24. Plaintiff responded, "Calm down, quit screaming at me, and tell me what you want me to do?"

25. Johnson screamed, "just do your fucking job."

26. Johnson and Pollard then left the room.

27. Upon information and belief Pollard and Johnson went to 3M's Human Resources Department and informed Daphne Hendrix and Matt Collins that Plaintiff had been using his cellphone.

28. Pollard and Johnson then returned and informed Plaintiff that Defendant had decided to terminate his employment for violating Defendant's cellphone policy.

29. Johnson then escorted Plaintiff off of the premises.

30. Upon information and belief, Johnson informed co-workers that Plaintiff was "uncontrollable and irate", and that Plaintiff ripped his uniform off and threw it in the bushes.

31. Upon information and belief, union officials reviewed the video footage and determined that Plaintiff did not engage in any such behavior.

32. Prior to observing Plaintiff with his cell phone, Pollard and Johnson had observed other employees openly use their cell phones or other electronic devices.

33. Pollard and Johnson specifically observed Sandra Prowell and Samantha Blackburn openly using their cell phones or other electronic devices.

34. Prowell is a Black female.

35. Blackburn is a Black female.

36. Pollard has a history of treating white males in a rude and abrasive manner.

37. Pollard has a history of applying different disciplinary punishment to white males as compared to other employees under her supervision that are not white males.

38. Johnson then instructed Plaintiff to collect his belongings and turn in his company badge.

39. Upon information and belief, Hendrix and Collins made the decision to terminate Plaintiff's employment.

40. Hendrix and Collins oversee all disciplinary actions.

41. Hendrix and Collins relied on the information given to them by Johnson and Pollard when making the decision to terminate Plaintiff's employment.

42. Hendrix and Collins did not conduct an independent investigation into Plaintiff's cell phone usage.

43. Upon information and belief, Hendrix and Collins reviewed Prowell's cellphone usage.

44. Hendrix and Collins did not terminate Prowell's employment.

45. Upon information and belief, Hendrix and Collins reviewed Blackburn's cellphone usage.

46. Hendrix and Collins did not terminate Blackburn's employment.

47. When Defendant terminated Plaintiff's employment, Plaintiff requested a copy of Defendant's cell phone policy.

48. Defendant denied Plaintiff's request.

49. Upon belief, after Defendant received notification of Plaintiff's Charge of Discrimination, Defendant observed another white male employee violating its cellphone policy but allowed him to maintain his employment.

**COUNT ONE – Title VII – Sex Discrimination - Termination.**

50. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 49 above.

51. Plaintiff is a Caucasian male.

52. On or about September 16, 2021, Defendant terminated Plaintiff's employment for violating its cellphone policy.

53. Defendant employs Sandra Prowell and Samantha Blackburn.

54. Prowell and Blackburn are both females.

55. Prowell and Blackburn were both observed using electronic devices that violated Defendant's cellphone policy.

56. Defendant did not terminate Prowell or Blackburn for violating its cellphone policy.

57. In violation of Title VII, Defendant terminated Plaintiff's employment for violating Defendant's cellphone policy, but did not terminate the employment of female employees that also violated Defendant's cellphone policy.

58. In violation of Title VII, Defendant's decision to terminate Plaintiff's employment was, in whole or part, because of his sex, race or both.

59. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT TWO – Title VII – Race Discrimination – Termination.**

60. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 49 above.

61. Plaintiff is a Caucasian male.

62. On or about September 16, 2021, Defendant terminated Plaintiff's employment for violating its cellphone policy.

63. Defendant employs Sandra Prowell and Samantha Blackburn.

64. Prowell and Blackburn are both Black.

65. Prowell and Blackburn were both observed using electronic devices that violated Defendant's cellphone policy.

66. Defendant did not terminate Prowell or Blackburn for violating its cellphone policy.

67. In violation of Title VII, Defendant terminated Plaintiff's employment for violating its cellphone policy, but did not terminate the employment of Black employees that also violated its cellphone policy.

68. In violation of Title VII, Defendant's decision to terminate Plaintiff was, in whole or part, because of his race, sex, or both.

69. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

**COUNT THREE – Race – 42 U.S.C. § 1981**

70. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 49 and 61 through 66 above.

71. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment for violating its cellphone policy, but did not terminate the employment of Black employees that also violated its cellphone policy.

72. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, mental anguish.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII of the Civil Rights Act of 1964 and/or 42 U.S.C. § 1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award him back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; and/or nominal damages;

D. Attorneys' fees and costs;

E. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1981, 42 U.S.C. § 2000e *et seq*. that the actions of Defendant violated the law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
Allen D. Arnold

_____
Whitney Morgan Brown

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Mountain Brook, AL 35223
T: (205) 252-1550
ada@allenarnoldlaw.com

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
                                    OF COUNSEL

**DEFENDANT'S ADDRESS:**
3M Company, Inc.
c/o Corporation Service Company
641 South Lawrence Street
Montgomery, AL 36104